IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LARRY CARTER, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 4:16-CV-085-Y |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Larry Carter, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition must be dismissed as time-barred.

**I. Factual and Procedural History**

On February 5, 2013, in the Criminal District Court Number Four of Tarrant County, Texas, Case No. 1272810D, a jury found Petitioner guilty of possession of a controlled substance, cocaine, in the amount of four grams or more but less than two-hundred grams, with intent to deliver, and, on February 25 2013, the trial court found true the repeat-offender notice in the indictment and sentenced Petitioner in absentia to twenty-eight years'

imprisonment. (Adm. R., Clerk's R. 29, 32, 44, ECF No. 9-2.) Petitioner appealed his conviction, but the Seventh Court of Appeals of Texas affirmed the trial court's judgment and, on April 16, 2014, the Texas Court of Criminal Appeals refused his petition for discretionary review. (*Id.*, Docket Sheet 1-2, ECF No. 9-3.) Petitioner did not seek a writ of certiorari. On April 14, 2015,[1] Petitioner filed a postconviction state habeas-corpus application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on June 17, 2015, without written order, on the findings of the trial court. (*Id.,* WR-83,371-01, Action Taken, ECF No. 9-21.) On October 5, 2015,[2] Petitioner filed his first federal habeas-corpus petition challenging his conviction in this Court, which was dismissed for want of prosecution on December 3, 2015. (Pet., Carter v. Stephens, Civil Action No. 4:15-CV-762, ECF Nos. 1 & 6.) This second federal petition challenging his conviction was filed on January 27, 2016. (Pet. 10, ECF No. 1.)

---

[1]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date Petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" on page 17 of the application reflects the date the application was signed by Petitioner. For purposes of this opinion, Petitioner's state habeas application is deemed filed on that date. (*Id.,* WR-83,371-01 at 18, ECF No. 9-20.)

[2]Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

## II. Issues

Petitioner raises one ground for habeas relief, alleging ineffective assistance of counsel, and he seeks reversal and retrial. (Pet. 6-7, ECF No. 1.)

## III. Statute of Limitations

As a threshold issue, Respondent alleges the petition is untimely under the federal statute of limitations. (Resp't's Preliminary Answer 4-8, ECF No. 10.) Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection (A), the limitations period begins to run on the date on which the judgment of conviction becomes final by the expiration of the time for seeking direct review. For purposes of this provision, Petitioner's judgment of conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on July 15, 2014. Therefore, the statute of limitations began to run the following day and closed one year later on July 15, 2015, absent any tolling. *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); Sup. Ct. R. 13.

Petitioner's state habeas-corpus application, pending from April 14, 2015, through June 17, 2015, operated to toll the limitations period under § 2244(d)(2) for 65 days, making his petition due on or before September 18, 2015. Petitioner however is not entitled to statutory tolling during the time his prior federal habeas petition was pending. *See Duncan v. Walker,* 531 U.S. 167, 181-82 (2001). Therefore, Petitioner's petition filed on January 27, 2016, is untimely unless Petitioner can demonstrate that he is entitled to tolling as a matter of equity.

For equitable tolling to apply, a petitioner must show "'(1)

4

that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Petitioner did not respond to Respondent's preliminary answer or otherwise explain his delay or make any reference to actual innocence in his petition.

Accordingly, Petitioner's federal petition was due on or before September 18, 2015. His petition filed on January 27, 2016, is therefore untimely.

For the reasons discussed, the Court dismisses Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

5

debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED March 21, 2017.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

6